**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000646
28-JUN-2017
08:08 AM**

NO. CAAP-15-0000646

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
FRANKIE COOPER, aka FRANKIE L. COOPER, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-15-043002)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Ginoza, J.,
with Nakamura, C.J., concurring separately).

After a bench trial, the District Court of the Third Circuit (District Court)[1] found Defendant-Appellant Frankie L. Cooper (Cooper) guilty of excessive speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105 (2007 & Supp. 2016).[2] At trial, Plaintiff-Appellee State of Hawai'i (State) presented evidence that Cooper was driving his car 85 miles per hour in a 45 miles per hour zone. The District Court entered its Judgment on August 4, 2015.

_____

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS § 291C-105 provides in relevant part:

    (a) No person shall drive a motor vehicle at a speed exceeding:

        (1)   The applicable state or county speed limit by thirty miles per hour or more; or

        (2)   Eighty miles per hour or more irrespective of the applicable state or county speed limit.

On appeal, Cooper contends that: (1) the District Court failed to obtain a valid waiver of his right to testify as required by <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995); (2) the District Court erred in permitting a police officer to testify about the contents of a manual, which Cooper claims violated the "best evidence" rule; and (3) the District Court erred in admitting a police officer's testimony regarding the speed reading from his radar device because the State failed to lay a sufficient foundation for this testimony. The State concedes error on points (1) and (3). The State further concedes that Cooper's conviction must be reversed because without the speed reading from the radar device, there was insufficient evidence to support Cooper's conviction. As explained below, we agree with the State's concession of error and reverse Cooper's excessive speeding conviction.

I.

We resolve Cooper's arguments on appeal as follows:

1.  In conducting the "ultimate" <u>Tachibana</u> colloquy, the District Court did not obtain an on-the-record waiver of the right to testify directly from Cooper, but instead accepted the representation of Cooper's counsel that Cooper did not want to testify. In doing so, the District Court failed to comply with the requirements of <u>Tachibana</u> and failed to obtain a valid waiver of Cooper's right to testify. <u>See</u> <u>State v. Staley</u>, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999). This error was not harmless beyond a reasonable doubt. <u>See</u> <u>State v. Hoang</u>, 94 Hawai'i 271, 279-80, 12 P.3d 371, 379-80 (App. 2000).

2.  Based on Hawai'i Supreme Court precedents, we conclude that the State failed to lay a sufficient foundation that the officer was qualified to operate the radar device used to determine the speed of Cooper's car. <u>See</u> <u>State v. Amiral</u>, 132 Hawai'i 170, 178-79, 319 P.3d 1178, 1186-87 (2014); <u>State v. Gonzalez</u>, 128 Hawai'i 314, 327, 288 P.3d 788, 801 (2012). Accordingly, the District Court erred in admitting, over Cooper's objection, the officer's testimony regarding the speed reading

from the officer's radar device.  Without this speed reading, there was insufficient evidence to support Cooper's conviction. We therefore reverse Cooper's conviction.[3]

II.

Based on the foregoing, we reverse the District Court's Judgment.

DATED: Honolulu, Hawai'i, June 28, 2017.

On the briefs:

James M. Yuda
Deputy Public Defender
for Defendant-Appellant.

Dale Yamada Ross
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

_____

[3] In light of our decision, we need not address Cooper's best evidence claim.

3